RECEIVED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE 2015 NOV -4  PM 1: 13

**Michael Andy Dean**
(PLAINTIFF)

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

VS.                                               CIVIL ACTION NO. _____

DTZ INC, A UGL COMPANY
(DEFENDANT)

# JURY DEMANDED

# COMPLAINT

1. COMES NOW, Plaintiff and brings this action against his former employer for

unlawful termination on the basis of employment discrimination because of his race,

African American in violation of Title VII of the Civil Rights Act of 1964, as codified,

42 U.S.C. §2000e to 2000e et seq., Plaintiff also brings this action on the basis of age

discrimination (over 40) in violation of the Age Discrimination Act and the Lilly

Ledbetter Act regarding his wages.   Jurisdiction is specifically conferred on the court by

42 U.S.C.} 2000e-5.   Equitable and other relief are also sought under 42 U.S. C.

{2000e-5(g).

1

2.  Plaintiff, Andy Micheal Dean ,an  African American male  (known or referred as Andy Dean sometimes by Defendant), is a citizen of the United States and resides at 1006 Sundown Cove, Memphis, Tennessee  38109 (901) 493-6675 or (901) 262-0898.

3.  Defendant is an outsource service provider of custodial, maintenance and other services throughout the United States, Canada and Puerto Rico. They employ over 17,000 employees. DTZ has performed facilities and production maintenance and janitorial services at Cargill Sweeteners Division (CSD), which is a subsidiary of Cargill, Inc. DTZ employs approximately one hundred and seventeen (117) workers at the Memphis CSD site in several departments including a Sanitation Department and Maintenance Department. Defendant DTZ is now combined with UGL Services. The combined business of DTZ and UGL Services is one of the largest property services companies in the world.

UGL Services, a division of UGL Limited of Sydney, Australia, is a multi-disciplinary, integrated corporate real estate services and facilities management firm that aligns clients' real estate and maintenance needs with their business strategies to create a competitive advantage. UGL Services provides diversified, end-to-end real estate and facilities management solutions to corporations, governments, educational facilities, manufacturing plants and institutions in North America and around the world.

By building organically rather than via a network of affiliates or franchises, UGL Services supplies consistent services across varied geographies and product lines. The company has built a renowned reputation as a "partner of choice" for many Fortune 500 firms, while continuing to increase its global reach.

4.  Defendant's corporate office and General Counsel is listed as being located at 275 Grove Street; Suite 300-2; Auburndale, MA 02466. (615) 527-527-5222. **Exhibit # 1** However, Defendant's corporate Regional Director of Human Resources and Human Resources Office is located at 2409 Southpoint Lane; New London, NC 28127; (919) 302-4501.;UGL corporate headquarters is located at 555 West 5th Street 45th ✓ Floor Los ; Angeles, CA 90013.

5.  Plaintiff was employed by the defendant in its Tennessee Cargill Sweeteners Division location and worked at the CSD site at 2330 Bouy Street, Memphis, Tennessee 38133. (901) 775-5825

6.  Defendant  unlawfully discriminated against plaintiff in the manner indicated in paragraphs 9 and 10 of the compliant that started on or about  November 1, 2013 and that resulted in an adverse employment determination on January 31, 2015.

7.  Plaintiff filed timely charges against the Defendant with the United States Equal Employment Opportunity Commission, Memphis District Office # EEO 490-2014-02054 on August 14, 2014 charging defendant with the acts of discrimination indicated in paragraphs 9 and 10 of this complaint. **Exhibit # 2**

8.  The Equal Employment Opportunity Commission issued Plaintiff a dismissal and Right ✓ to Sue Notice right to file a civil action, a copy of which  is attached to this complaint , stamped with a mail date of  August 5, 2015,  which stated that a lawsuit must be filed "within" 90 days of Plaintiff's receipt of the notice and not from the actual stamped mailed date; the United States EEOC deems that receipt date of receipt is considered as five (days) from  mail date, as such this lawsuit is timely filed. (A plaintiff bringing claims under Title VII or the ADEA must ordinarily file his lawsuit within ninety days

after receiving notice of the right to sue from the EEOC. See 42 U.S.C. § 2000e-5(f); 29 U.S.C. § 626(e); Seay v. Tennessee Valley Authority, 339 F.3d 454, 469 (6th Cir. 2003). Actual receipt of the right-to-sue letter, however, is not required to start the 90 day limitations period; within the Sixth Circuit, a plaintiff is presumed to have received delivery of the Right to Sue within five days following the EEOC's mailing of the letter. Graham-Humphreys v. Memphis Brooks Museum of Art. Inc., 209 F.3d 552, 557-58 (6th Cir. 2000). **Exhibit # 3**

9. Because of plaintiff's (1)___ _ **X** __ Race, (2)____color, (3) _ __ sex, (4) ___religion, (5) ___national origin (6) ___ **X** _ Age; (7)_ _ _Retaliation :  Defendant:

    (a)_____  failed to employ plaintiff.

    (b) ___ X ____terminated plaintiff's employment.

    (c)____ X ____failed to promote plaintiff.  Defendant's actions constitute unlawful employment practices based upon the protected class of race in violation of Title VII of the civil rights acts of 1964 as amended. As a direct and proximate result of Defendant's unlawful, discriminatory conduct toward Plaintiff, Plaintiff has lost wages and benefits and has sustained other pecuniary loss. Plaintiff, as a result of Defendant's actions, has suffered damage to his professional career and professional reputation, as well as to his personal reputation. Defendant's discriminatory practices has been demeaning to Plaintiff and has caused him to suffer pain, humiliation, and embarrassment, as well as emotional distress;  Defendant's unlawful actions complained of in paragraph 10 also appeared to have been intentional, malicious, and taken in reckless disregard to the statutory rights of Plaintiff.

10. The circumstances under which the defendant discriminated against plaintiff are as follows:

    a.  Plaintiff was hired on June 3, 2013 as a full-time Sanitation Lead by the Defendant.

    b.  Plaintiff worked as a full time Sanitation Lead in the Defendant's CSD Sanitation Department.

    c.  Plaintiff reported to the Defendant's Sanitation Supervisor, Willie Shorter.

    d.  Defendant pursuant to Plaintiff's skill level and qualifications, managed other employees in his position as Sanitation Lead.

    e.  Plaintiff's primary job duties included him managing the work schedule of sanitation employees,

    f.  Plaintiff's primary job duties included and required him to formulate sanitation standards work procedures.

    g.  Plaintiff's primary job duties included and required him to provide work order feedback on discrepancies noted in service delivery.

    h.  Plaintiff's primary job duties included and required him to assess customer needs with his supervisor.

    i.  Plaintiff's primary job duties included and required him to determine team/individual employee performance levels.

    j.  Plaintiff's primary job duties included and required him to ensure customer satisfaction for assigned areas.

    k.  Plaintiff pay rate as a Sanitation Lead was $15.00 per hour.

    l.  Plaintiff received a pay rate increase on January 6, 2014 to $15.30 per hour. **Exhibit #4**

m.  In November 2013, the Plaintiff applied for a promotion to work in the Maintenance department as a Mechanical Technician (Midlevel).

n.  Plaintiff successfully passed the test for the position of Mechanical Technician. **Exhibit # 5**

o.  Plaintiff successfully passed the test for the position of Mechanical Technician on a local level.

p.  Plaintiff successfully passed the test for the position of Mechanical Technician on a national level.

q.  Plaintiff's successful local and national test results demonstrated that he possessed requisite skills to perform the job with or without additional training.

r.  Plaintiff was subsequently interviewed for the position of Mechanical Technician (Midlevel)

s.  Plaintiff was not selected and denied the promotion for the position of Mechanical Technician (Midlevel) although he met the advertising requirements, **Exhibit #6**

t.  Four (4) Caucasian male co-workers of Plaintiff who previously served as Welding employees, were moved from welding position to Maintenance.

u.  Plaintiff was denied the promotion but white co -worker Shawn Looney was awarded the position despite Plaintiff's successful   local and national testing levels.

v.  Shawn Looney did not test successfully on both local and national testing levels as Plaintiff did.

w.  Shawn Looney's test results did not demonstrated that he possessed requisite skills to perform the job with or without additional training as Plaintiff's did.

x. Plaintiff was denied the promotion but white co-worker Tim Triplet was awarded the position despite Plaintiff's successful local and national testing levels.

y. Tim Triplet did not test successfully on both local and national testing levels as Plaintiff did.

z. Tim Triplet's test results did not demonstrated that he possessed requisite skills to perform the job with or without additional training as Plaintiff's did.

aa. Plaintiff was denied the promotion but white co-worker Mike Crisp was awarded the position despite Plaintiff's successful local and national testing levels.

bb. Mike Crisp did not test successfully on both local and national testing levels as Plaintiff did.

cc. Mike Crisp's test results did not demonstrated that he possessed requisite skills to perform the job with or without additional training as Plaintiff's did.

dd. Plaintiff was denied the promotion but white co-worker Jonathan Chisem was awarded the position despite Plaintiff's successful local and national testing levels.

ee. Jonathan Chisem did not test successfully on both local and national testing levels as Plaintiff did.

ff. Jonathan Chisem's test results did not demonstrated that he possessed requisite skills to perform the job with or without additional training as Plaintiff's did.

gg. Plaintiff's personnel records reflect that his birthdate is September 15, 1960.

hh. Plaintiff was over 40 at the time of his application and employment with the Defendant.

ii. Plaintiff's co-worker Shawn Looney is under 40 years of age.

jj. Plaintiff's co-worker Shawn Looney is around 39 years of age.

kk. Plaintiff's co- worker, Mike Crisp is under 40 years of age.

ll. Plaintiff's co-worker Mike Crisp is around 29 years of age.

mm.   Plaintiff's co-worker Johnathan Chisem is under 40 years of age

nn. Plaintiff's co-worker Johnathan Chisem is around 29 years of age.

oo. Plaintiff reasonably believes and perceives that the Defendant treated him less favorably than similarly situated younger employees.

pp. One of these four men that was hired was of a younger age than Plaintiff and had only met the middle percentile for the local and national standards.

qq. Plaintiff was also informed by Defendant's management that his earnings was less than a Caucasian male employee, Mitchell Wiggington. who held an inferior position within the company than Plaintiff .

rr. White employee, Mitchell Wiggington made more than Plaintiff yet he did not supervise any employees as Plaintiff.

ss. White employee, Mitchell Wiggington made more than Plaintiff yet he did not perform any of the high level job tasks as required for the position as Sanitation Lead as Plaintiff in violation of Defendant's Equal Opportunity Policy. **Exhibit #7**

tt. Plaintiff reasonable believes and perceives that the  wage disparity referenced by Management where he was paid less that a lower level positioned employee violated the Lilly Ledbetter Act

uu. In July 2014, Plaintiff applied for another promotion within the Maintenance department.

vv. Plaintiff was denied a promotion for the position he applied for.

ww.   Plaintiff possessed the mid-level requisite skills, experience, and knowledge of the tasks assigned to him for this position.

xx. Plaintiff performed his job duties and tasks with minimum supervision.

yy. Plaintiff performed his job successfully but was treated differently than similarly situated non-African American employees.

zz. The promotion was instead given to two Caucasian males, Joe Calvett and Josh Calvett.

aaa.   Of those two males that were hired, Josh Calvett was of younger age than Plaintiff.

bbb.   Plaintiff suffered significant financial loss as a result of being denied both promotions within the Maintenance department.

ccc.   Plaintiff received notice that he would be laid off by Defendant on January 9, 2015.

ddd.   Plaintiff's position of Sanitation Lead was eliminated on January 31, 2015.

**Exhibit #8**

eee.   Plaintiff was effectively laid off on January 31, 2015

fff. Plaintiff's actual last date of employment was considered to be January 31, 2015.

ggg.   Plaintiff compensation and wages ended on January 31, 2015. **Exhibit # 9**

hhh.   Plaintiff official last paycheck was scheduled to be on February 6, 2015 as referenced in January 9 2015 Letter terminating his job.

iii. Plaintiff's medical and dental benefits was discontinued and ended the last day of

the month in which he was separated from active employment on January 31,

2015.

jjj. Contribution of all 401 K plan including non- qualified deferred compensation

plan ceased on January 32, 2015.

kkk.   Defendant's matching contributions to all benefits plan ceased on January 31,

2015.

10.   The acts set forth in paragraphs 9 of this complaint:

(a) __ __ are still being committed by defendant.

(b)_____ are no longer being committed by defendant.

(c)__ **X** _____may still be being committed by defendant.

11.   Plaintiff attaches to this complaint a copy of the charges filed with the Equal Employment

Opportunity Commission, which charges and determination are submitted as a brief statement of

the facts supporting this complaint.

**WHEREFORE**, Plaintiff prays that the following relief be granted following a jury

verdict in his favor:

(a)____ Defendant be directed to employ plaintiff,

(b)__ **X** __Defendant be directed to re-employ plaintiff,

(c)_____ Defendant be directed to promote plaintiff

(d) **X** _____**Defendant be directed to pay** : 1.) Back pay, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct; 2.) Front pay and the value of future lost benefits where reinstatement is not deemed feasible; 3.) Compensatory damages against Defendant in an amount to be determined by the jury but not less than $300,000; 4.) Punitive damages against Defendant in an amount to be determined by the jury; 5.) All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorneys' fees allowed under actions brought pursuant to 42 U.S.C. § 1981 ; 6) Such further relief as is deemed just and proper and appropriate including injunctive relief.

**Michael Andy Dean, Plaintiff Signature**

**Printed Name** Andy M Dea—

**Plaintiff Address** 1006 Sundown Cv

Mphs Tn 38109

Date: 11-4-15